### 9458. HARRELL *v.* THE STATE.

BROYLES, P. J. 1. Under the particular facts of the case, the court did not err in admitting in evidence the testimony of the witness Pollard as to the alleged dying declarations of the person for whose murder the defendant was being tried; the evidence being admitted under appropriate instructions to the jury.

2. The following charge was not error: "Where a homicide is proven to have been committed by the person charged, with an instrument which the jury finds was, in the manner in which it was used on the occasion in question, a weapon likely to produce death, the law, from the use of such a weapon in that manner, presumes malice and the intent to kill. The presumption, however, may be overcome by the proven facts and circumstances of the case." *Flannigan* v. *State,* 135 *Ga.* 221 (4), 223 (69 S. E. 171).

3. Under the evidence and the defendant's statement at the trial the court did not err, in the absence of a timely written request, in failing to charge the law of circumstantial evidence.

4. The evidence for the State made out a case of murder. The defendant's statement (he introduced no evidence) showed a justifiable homicide. Neither the evidence nor the defendant's statement authorized instructions upon the law of voluntary manslaughter, and it was error for the court to charge upon that subject.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED APRIL 2, 1918.

Indictment for murder; conviction of manslaughter; from Charlton superior court—Judge Summerall. November 3, 1917.

*James R. Thomas,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.