### 10606.  WARD v. THE STATE.

LUKE, J.  The evidence in this case fully authorized, if indeed it did not
demand, the verdict of manslaughter.

The charge given by the court on the law of manslaughter was required.
See *Trice* v. *State,* 89 *Ga.* 742 (15 S. E. 648).  The court did not err
in charging the jury as follows:  "In every case of an unlawful killing
malice will be presumed, where no considerable provocation appears and
all the circumstances of the killing show an abandoned and malignant
heart.  If one shoots another without any reason, and, although you
may not be able to show that he made up his mind to do so with any
degree of deliberation, if he shoots another without any known reason,
and all the circumstances show that he did so wantonly, without any
reason, without any provocation, the law implies malice in a case of
that sort."  See *Harrell* v. *State,* 22 *Ga. App.* 104 (95 S. E. 537), and

case cited. The defendant had a fair trial, was ably represented, and no error appears which authorizes a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 14, 1919.

Indictment for murder; from Bibb superior court—Judge Mathews. April 22, 1919.

*John R. Cooper, C. M. Cunningham, W. O. Cooper Jr.,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.